1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS MANUEL SILVA, ) | 1:09-cv-00976 MJS HC |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| ) | |
| GARY SWARTHOUT, Warden ) | [Doc. 17] |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petition has consented to jurisdiction of a Magistrate Judge. Respondent[1] is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California.

## I.    BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, upon pleading no

---

[1]Respondent has notified the Court that Gary Swarthout is the current warden at California State Prison - Solano.  The Court shall substitute Mr. Swarthout as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

1  contest on July 3, 2002, to charges of residential arson. (See LD No. 1.[2]) Petitioner was

2  sentenced to serve a determinate term of ten years in prison. (LD Nos. 1-2.) Petitioner did not

3  appeal the February 11, 2003 amended judgment.

4       Starting in August 2007, Petitioner filed four post-conviction collateral challenges with

5  respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

6    1.   Kings County Superior Court
         Filed: August 8, 2007[3];
7         Denied: September 24, 2007;

8    2.   Kings County Superior Court
         Filed: June 3, 2008[4];
9         Denied: August 4, 2008;

10   3.   California Court of Appeals, Fifth Appellate District
         Filed: September 16, 2008[5];
11        Denied: September 26, 2008;

12   4.   California Supreme Court
         Filed: October 13, 2008[6];
13        Denied: April 1, 2009;

14  See LD Nos. 3-10.

15       On April 30, 2009[7], Petitioner filed the instant federal petition for writ of habeas corpus

16  _____

17   [2] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

18   [3] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on
    the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.
19  487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness
    of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir.
20  2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions
    filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of
21  the Rules Governing Section 2254 Cases. Although the petition was filed on August 13, 2007, pursuant to the
    mailbox rule the Court considers the petition filed on August 8, 2007, the date Petitioner signed the petition.

22
    [4]Although the petition was filed on June 9, 2008, pursuant to the mailbox rule the Court considers the
23  petition filed on June 3, 2008, the date Petitioner signed the petition.

24   [5]A copy of the petition was not provided to the Court. The Petitioner may benefit from the earlier filing of
    the petition, however the benefit of an earlier filing date of this application is not relevant to the statue of limitations
25  analysis.

26   [6]Although the petition was filed on October 16, 2008, pursuant to the mailbox rule the Court considers the
    petition filed on October 13, 2008, the date Petitioner signed the petition.

27
    [7]Although the petition was filed on May 4, 2009, under the mailbox rule the Court will consider the petition filed
28  on April 30, 2009, the date Petitioner signed the petition.

in this Court. On July 2, 2010, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Over thirty days have passed, and Petitioner has not filed an opposition to Respondent's motion to dismiss.

## II.    DISCUSSION

### A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc),

1    *cert. denied,* 118 S.Ct. 586 (1997).

2         In this case, the petition was filed on April 30, 2009, and therefore, it is subject to the

3    provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

4    seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As

5    amended, § 2244, subdivision (d) reads:

6              (1)  A 1-year period of limitation shall apply to an application for a writ of
         habeas corpus by a person in custody pursuant to the judgment of a State court.
7         The limitation period shall run from the latest of –

8                   (A) the date on which the judgment became final by the conclusion of
         direct review or the expiration of the time for seeking such review;
9
              (B) the date on which the impediment to filing an application created by
10        State action in violation of the Constitution or laws of the United States is
         removed, if the applicant was prevented from filing by such State action;
11
12                  (C) the date on which the constitutional right asserted was initially
         recognized by the Supreme Court, if the right has been newly recognized by the
13        Supreme Court and made retroactively applicable to cases on collateral review;
         or
14
              (D) the date on which the factual predicate of the claim or claims
15        presented could have been discovered through the exercise of due diligence.

16              (2) The time during which a properly filed application for State post-conviction
         or other collateral review with respect to the pertinent judgment or claim is
17        pending shall not be counted toward any period of limitation under this
         subsection.

18   28 U.S.C. § 2244(d).

19        Under § 2244(d)(1)(A), the limitations period begins running on the date that the

20   petitioner's direct review became final or the date of the expiration of the time for seeking such

21   review. In this case, Petitioner did not appeal his February 11, 2003, sentence. The state

22   appeal process became final when the time for filing an appeal expired sixty days later, on

23   April 12, 2003. See Cal. Rules of Court 8.308 (formerly Rule 30.1) The AEDPA statute of

24   limitations began to run the following day, on April 13, 2003. Patterson v. Stewart, 251 F.3d

25   1243, 1246 (9th Cir. 2001).

26        Petitioner would have one year from April 13, 2003, absent applicable tolling, in which

27   to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the

28   instant petition until April 3, 2009, almost five years after the statute of limitations period

1   expired.  Absent the later commencement of the statute of limitations or any applicable tolling,

2   the instant petition is barred by the statute of limitations. Petitioner has made no showing that

3   the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D).

4   Accordingly, Petitioner may only rely on tolling to attempt to show that is petition is not barred

5   by the statute of limitations.

6          **C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

7          28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

8   State post-conviction or other collateral review with respect to the pertinent judgment or claim

9   is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

10  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

11  petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals

12  between one state court's disposition of a habeas petition and the filing of a habeas petition

13  at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,

14  183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state

15  petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court

16  explicitly states that the post-conviction petition was timely or was filed within a reasonable

17  time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S.

18  189 (2006). Claims denied as untimely or determined by the federal courts to have been

19  untimely in state court will not satisfy the requirements for statutory tolling. Id.

20         As stated above, the statute of limitations period began on April 13, 2003. Petitioner

21  filed his first state habeas petition on August 8, 2007, in the Kings County Superior Court. At

22  that point, the statute of limitations period had elapsed over three years earlier. State petitions

23  filed after the expiration of the statute of limitations period shall have no tolling effect.

24  Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the

25  reinitiation of the limitations period that has ended before the state petition was filed.").

26         Accordingly, the limitations period began on April 13, 2003 and expired one year later

27  on April 12, 2004. The present petition was filed on April 3, 2009, nearly four years after the

28  expiration of the year statute of limitations period.  Accordingly, the instant federal petition is

1   untimely.

2       **D.      Equitable Tolling**

3       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

4   that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

5   stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v.

6   Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163

7   F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th

8   Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that

9   would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

10  Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly,

11  Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

12  **III.   CONCLUSION**

13      As explained above, Petitioner failed to file the instant petition for Habeas Corpus within

14  the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to

15  the benefit of statutory tolling, the Petition was still not timely filed. Finally, Petitioner is not

16  excused from timely filing due to equitable tolling.  Based on the foregoing, Respondent's

17  motion to dismiss shall be granted.

18  **IV.   CERTIFICATE OF APPEALABILITY**

19      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal

20  a district court's denial of his petition, and an appeal is only allowed in certain circumstances.

21  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining

22  whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

23           (a) In a habeas corpus proceeding or a proceeding under
        section 2255 before a district judge, the final order shall be
24      subject to review, on appeal, by the court of appeals for the
        circuit in which the proceeding is held.
25
         (b) There shall be no right of appeal from a final order in a
26      proceeding to test the validity of a warrant to remove to another
        district or place for commitment or trial a person charged with a
27      criminal offense against the United States, or to test the validity
        of such person's detention pending removal proceedings.
28

1

2

    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

3

4

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

5

        (B) the final order in a proceeding under section 2255.

6

7

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

8

9

    (3)  The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

10

11

12

13

14

15

16

      If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

17

18

19

20

21

      In the present case, the Court finds that reasonable jurists would not find debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find it  deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

22

## **ORDER**

23

      Accordingly, IT IS HEREBY ORDERED that:

24

      1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

25

      2. The Clerk of Court is DIRECTED to enter judgment; and

26

////

27

////

28

U.S. District Court

E. D. California

1          3. The Court DECLINES to issue a certificate of appealability.

2

3

4    IT IS SO ORDERED.

5    Dated:   __August 25, 2010__          /s/ *Michael J. Seng*
6                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court
E. D. California                    -8-